IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHOMEFUN OLUWASEUN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:24-cv-00176-G (BT) |
| | § | |
| ALEJANDRO MAYORKAS, ET AL. | § | |
| | § | |
| Respondents. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pending before the Court are Petitioner Shomefun Oluwaseun's *pro se* application for habeas relief under 28 U.S.C. § 2241, motions for summary judgment on that application, and emergency motion for temporary restraining order and injunction. ECF Nos. 3, 6, 12, 13. For the reasons below, the Court should deny Petitioner's habeas application and motions.

**Background**

Petitioner is a native and citizen of Nigeria. ECF No. 10 at 6. He was admitted to the United States on or around August 23, 2011, as a nonimmigrant with an F1 student visa. ECF No. 10 at 6. He was allowed to stay in the United States for a temporary period not to exceed January 8, 2014. ECF No. 10 at 6.

1. <u>Petitioner is arrested and enters removal proceedings</u>.

On September 22, 2022, Petitioner was arrested in Grapevine, Texas for driving while intoxicated.[1] ECF No. 10 at 11; ECF No. 12 at 3. Department of Homeland Security (DHS) agents encountered Petitioner at the Grapevine, Texas Sheriff's Department following his arrest. ECF No. 10 at 8. DHS's Dallas Enforcement and Removal Operations (ERO) took custody of Petitioner. ECF No. 10 at 8.

On October 4, 2022, Petitioner was issued a Notice to Appear (NTA) and placed in removal proceedings. ECF No. 10 at 6. He was charged under § 237(a)(1)(B) of the Immigration and Nationality ACT (INA) for remaining in the United States longer than permitted. ECF No. 10 at 6. A DHS officer determined that Petitioner should be detained pending a resolution of his removal proceedings. ECF No. 10 at 15.

Petitioner moved for bond. An Immigration Judge (IJ) held a hearing on the motion for bond and denied it, finding that Petitioner was a danger to the community. ECF No. 10 at 17-20. Petitioner's counsel appealed the bond denial,

---

[1] Petitioner's 2022 arrest was not his first encounter with law enforcement. On July 13, 2019, police in Nashville, Tennessee arrested Petitioner for driving under the influence. ECF No. 10 at 11. Later, he was convicted on a lesser charge of reckless driving and given a six-month suspended sentence. ECF No. 10 at 11. On March 28, 2021, Petitioner was arrested in Brookhaven, Georgia on a disorderly conduct charge. ECF No. 10 at 11. The disposition of that charge is unclear. On May 8, 2022, Petitioner was arrested for driving while intoxicated in Lewisville, Texas, and that charge is pending. ECF No. 10 at 11.

ECF No. 10 at 26-28, but the Board of Immigration Appeals (BIA) dismissed the appeal. ECF No. 10 at 107-110.

    2. <u>Petitioner is ordered removed for the first time</u>.

At a subsequent hearing, Petitioner admitted the allegations and charge in the NTA. ECF No. 10 at 38. Then, on January 23, 2023, the IJ found that Petitioner had abandoned an application for cancellation of removal because Petitioner's counsel failed to timely submit such an application. ECF No. 10 at 37-41. The IJ ordered Petitioner removed. ECF No. 10 at 40-46.

Petitioner's counsel moved to reopen with the IJ, claiming confusion about the filing process. ECF No. 10 at 48-64. The IJ denied Petitioner's motion to reopen. ECF No. 10 at 104-105. Petitioner's counsel appealed to the BIA, but the BIA dismissed the appeal. ECF No. 10 at 114-15. Petitioner also filed a *pro se* motion to reopen with the IJ, ECF No. 10 at 117-150, but, again, the IJ denied the motion. ECF No. 10 at 152-154.

On or about June 27, 2023, Petitioner was transferred from DHS custody to the custody of Tarrant County, Texas for proceedings on the pending DWI charge. ECF No. 9 at 2. A jury found Petitioner guilty and sentenced him to 60 days' imprisonment. ECF No. 12 at 3. On or about August 20, 2023, Petitioner was transferred back to DHS custody. ECF No. 9 at 2.

3. <u>Petitioner's removal proceedings are reopened, he is denied bail, and he is ordered removed a second time.</u>

On August 28, 2023, Petitioner filed a *pro se* motion to reopen his removal proceedings with the BIA, arguing that he received ineffective assistance of counsel. ECF No. 10 at 156-160; ECF No. 11 at 1-21. DHS filed a motion to remand with the BIA based on Petitioner's claim of ineffective assistance of counsel. ECF No. 11 at 23-27. The BIA reopened and remanded the case to the IJ for Petitioner to file any available applications for relief. ECF No. 11 at 33-34.

Petitioner filed a second motion for bond. ECF No. 11 at 30-32. The IJ held a hearing on the bond motion and denied it (ECF No. 11 at 73). The IJ later issued a written order explaining the decision. ECF No. 11 at 123-124.

Petitioner applied for cancellation of removal and adjustment of status for certain nonpermanent residents. He also applied for asylum, withholding of removal, and protection under the Convention Against Torture. ECF No. 9 at 3. On April 30, 2024, the IJ denied those applications for relief, and again, ordered Petitioner removed. ECF No. 11 at 130-163. Petitioner appealed to the BIA, ECF No. 13 at 5, but—on July 3, 2024—the BIA dismissed the appeal as untimely by 4 days, noting that the IJ's order of removal was final. ECF No. 13 at 5. Petitioner claims in a recently filed motion for injunctive relief that he filed a motion challenging the BIA's finding that his appeal was untimely (ECF No. 13 at 1). But the public record contains no information about this motion or its disposition.

Automated Case Information (justice.gov) (search for case number A-204-586-113; last visited September 25, 2024).

4. Petitioner files a federal habeas application.

On January 19, 2024—in the midst of his removal proceedings—Petitioner filed a § 2241 habeas application. ECF No. 3 at 8. He claims that his continued detention is "unreasonably prolonged" and violates 8 U.S.C. § 1226 of the INA. He claims that his transfer to state authorities in 2023 for criminal proceedings hampered his ability to fight his removal in violation of his substantive due process rights. ECF No. 3 at 6. He asks the Court to release him on bond or to give him a new bond hearing where the Government has the burden of proof that it must meet with clear and convincing evidence. ECF No. 3 at 7.

The Government filed a response. ECF No. 9. Petitioner has filed two motions for summary judgment and an application for a TRO in further support of his application. ECF Nos. 6, 12, 13.

**Analysis**

1. Petitioner's challenge to confinement under § 1226 is moot.

"This Court must examine the basis of its jurisdiction, on its own motion, if necessary." *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). "A moot case presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." *Goldin v. Bartholow*, 166 F.3d 710, 717 (5th Cir. 1999). "[I]f in the course of litigation a court finds that it can no longer

provide a plaintiff any effectual relief, the case generally is moot." *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 796 (2021).

Petitioner challenges his "unreasonably prolonged" confinement under § 1226. ECF No. 3 at 6-7. He also complains that he was transferred between DHS and state officials because of his pending criminal case in Texas, which affected his ability to challenge his § 1226 confinement in a "proper and timely manner," resulting in a deprivation of substantive due process. ECF No. 3 at 6. But, as explained below, Petitioner is no longer confined under § 1226, so his request for habeas relief from confinement under that statute is moot.

Title 8 U.S.C. § 1226 governs pre-removal detention of an alien. Section 1226(a) authorizes immigration officials to arrest and to detain or release an alien during the pre-removal period pending a decision on whether the alien is to be removed from the United States. "Section 1226(c), on the other hand, carves out a class of aliens for whom detention is mandatory," including "individuals who have committed certain enumerated offenses or who have been involved in drug trafficking or terrorist activities." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022) (citing 8 U.S.C. § 1226(c)).

But after the pre-removal period concludes, the statutory authority to detain an alien shifts to 8 U.S.C. § 1231. "[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period."). 8 U.S.C. § 1231(a)(1)(A). The removal period begins on the latest of the dates below:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1226(c). "During the removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(1).

At the time he filed his habeas application, Petitioner was detained under § 1226(a).[2] But since then, the IJ ordered his removal, and the BIA dismissed his appeal of that decision. When the appeal was dismissed, the removal order "'became administratively final,'" and "'the Attorney General's authority to detain [Petitioner] shifted to 8 U.S.C. § 1231(a)(2), thereby rendering moot [Petitioner's] claim[s] challenging his detention under 8 U.S.C. § 1226.'" *Macias v. Warden, Rolling Plans Det. Ctr.*, 2017 WL 3616445, at *1 (N.D. Tex. May 30, 2017), *rec. accepted* 2017 WL 3601828 (N.D. Tex. Aug. 22, 2017) (citing *Carbajal v. Holder*, 43 F. Supp. 3d 1184, 1189-90 (D. Colo. 2014) (collecting cases, including *Oyelude v. Chertoff*, 170 F. App'x 366, 367 n.4 (5th Cir. 2006) ("Oyelude's challenge to his

---

[2] The Government argues that Petitioner was detained under § 1226(c). But if that were the case, Petitioner would not have received bond hearings with the right to appeal those hearings, as such rights are not afforded under § 1226(c). *See e.g., Rodriguez Diaz*, 53 F. 4th at 1197 (explaining the procedural differences between § 1226(a) and § 1226(c)). Though not necessary to the disposition of this case, the Court finds that Petitioner was confined under § 1226(a).

§ 1226 detention was mooted on June 23, 2004 when his final removal order was entered and the Attorney General's authority to detain him shifted to § 1231. As a technical matter, the issue was not mooted by his later release from custody, because it had already been mooted by the BIA's final removal order, from which Oyelude may not seek habeas relief.")); *Quezada v. Hendricks*, 821 F.Supp.2d 702, 708 (D.N.J. 2011) ("Because Quezada is no longer detained under § 1226(c), and his case does not satisfy the 'capable of repetition yet evading review' exception to mootness, this Court is constrained to grant the government's motion to dismiss the case as moot.") (citing, in turn, *Rodney v. Mukasey*, 340 F. App'x 761, 764 (3d Cir. 2009) (per curiam) (affirming dismissal of a Section 2241 petition challenging detention under Section 1226(c) because the BIA's dismissal of an appeal from the order of removal rendered the habeas petition moot, noting that "[t]he injury alleged, unreasonably long pre-final order of removal detention under 8 U.S.C. 1226(c), can no longer be redressed by a favorable judicial decision"))) (footnote and citation omitted).

To the extent that Petitioner argues his challenges are not moot because he filed a motion with the BIA challenging its finding of untimeliness, the Court disagrees. Once the BIA dismissed the appeal, the removal order became administratively final, and the Attorney General's authority to detain Petitioner shifted to 8 U.S.C. § 1231(a)(2). *See, e.g.*, *J.L. v. Decker*, 2024 WL 232115, at *3 (S.D.N.Y. Jan. 22, 2024) ("The removal period begins, and therefore a noncitizen is detained *under Section 1231*, when the order of removal is administratively final.

8

The order becomes 'administratively final' once it is affirmed by the BIA. Here, it is undisputed that the first event triggering Section 1231 has occurred because the immigration judge's order of removal became administratively final when the BIA dismissed Petitioner's appeal of April 2, 2022.") (emphasis in original) (citing 8 C.F.R. §§ 241.1, 1241.1(a) (an order of removal becomes final and triggers the removal period "[u]pon dismissal of an appeal by the Board of Immigration Appeals") ; *see also Andrade v. Gonzalez*, 459 F.3d 538, 542-43 (5th Cir. 2006) (same).The Court has located no authority to suggest that a removal order is not administratively final because the detainee files a motion contesting the BIA's finding of untimeliness.

Even so, the Court has considered whether an exception to mootness might apply. Cases that are "capable of repetition" while "evading review" fall within an exception to mootness. *See Shemwell v. City of McKinney, Texas*, 63 F. 4th 480, 484 (5th Cir. 2023) (citing *S. Pac. Terminal Co. v. Interstate Com. Comm'n*, 219 U.S. 498, 515 (1911)). The exception applies when (1) "the challenged action is in its duration too short to be fully litigated prior to cessation or expiration" and (2) "there is a reasonable expectation that the same complaining party will be subject to the same action again." *Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 170 (2016) (quotation omitted). Petitioner must prove both to overcome mootness. *Libertarian Party v. Dardenne*, 595 F.3d 215, 217 (5th Cir. 2010).

Petitioner fails to show that there is a "reasonable expectation" that he will be detained under § 1226 again. While Petitioner claims that he filed a motion to

9

the BIA "with evidence" showing that his appeal was in fact timely, the public record does not show that that motion was filed or is still pending. Even assuming that Petitioner filed such a motion and that it has not been denied, he does not say here what the evidence is that he provided to the BIA or provide any other detail about his challenge to the finding of untimeliness. Petitioner's conclusory assertions on this issue do not show a "reasonable likelihood" that the BIA will reinstate Petitioner's appeal or that he will be detained under § 1226 again.

Thus, Petitioner's challenge to confinement under § 1226 is moot.

2. Petitioner fails to allege a due process violation under § 1231.

The Court has also considered whether Petitioner states a claim for relief under § 1231. In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court concluded that it was presumptively reasonable to detain an alien for six months following a final removal order under § 1231. *Id.* at 701. Here, Petitioner's removal order became final on July 3, 2024, when the BIA summarily dismissed his appeal as untimely. *See* 8 U.S.C. § 1231(1)(B)(i). Because Petitioner is well within the presumptively reasonable period of detention following an administrative final order of removal, he is not entitled to habeas relief on a duration-of-confinement § 1231 claim.

Further, to the extent that Petitioner claims that his due process rights are jeopardized by transfers to and from state custody in connection with state criminal proceedings, he has failed to establish a violation in connection with the § 1231 post-removal-order proceedings. He complains about transfers that

occurred over a year ago, in mid-2023. He does not say that such transfers are ongoing, and there is no basis to infer that they are.

In sum, Petitioner's challenge to his confinement under § 1226 is moot, and any challenge to confinement under § 1231 is meritless.

3. <u>Petitioner's pending motions should be denied since his habeas application lacks merit</u>.

Petitioner also filed two motions for summary judgment and an application for a TRO. ECF Nos. 6, 12, 13.

As explained above, Petitioner is not entitled to habeas relief, so his motions for judgment should be denied.

As for the motion for injunctive relief, Petitioner argues that a TRO is necessary because he is being "unlawfully detained" and "irreparable harm will continue to occur as a result of [his] illegal detention." ECF No. 13 at 3. Federal injunctive relief is "an extraordinary and drastic remedy" that "should only be granted when the movant has clearly carried the burden of persuasion." *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009) (internal quotation marks omitted) (citation omitted). The movant seeking preliminary injunctive relief must show: "(1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury [to the movant] outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest." *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).

Petitioner provides no briefing on these elements. Most notably, he fails to show a substantial likelihood of success on the merits because his underlying claims are either moot or meritless as explained above. The Court should deny Petitioner's motion for a TRO.

## Recommendation

The Court should deny Petitioner's application for habeas relief under § 2241, deny his motions for summary judgment [ECF Nos. 6, 12], and deny his request for a TRO [ECF No. 13].

SO RECOMMENDED.

September 25, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).