IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHOMEFUN OLUWASEUN, | § § | |
| Petitioner, | § § | |
| v. | § § | No. 3:24-cv-00176-G (BT) |
| ALEJANDRO MAYORKAS, ET AL. | § § § | |
| Respondents. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pending before the Court are pro se habeas petitioner Shomefun Oluwaseun's motion for reconsideration of the Court's October 16, 2024 judgment dismissing his case (ECF No. 20); motion to seal this case, or, alternatively, to proceed under a pseudonym (ECF No. 25); and "emergency motion to expedite" consideration of the motion for reconsideration (ECF No. 26). For the reasons below, the Court should deny Petitioner's motion for reconsideration and motion for expedited consideration. The Court should grant in part Petitioner's motion to seal.

**Background**

Petitioner, while in Immigration and Customs Enforcement (ICE) custody, filed a habeas application in January 2024 complaining that his confinement was "unreasonably prolonged" in violation of 8 U.S.C. § 1226 and the Fifth Amendment. *See* Pet. at 6; *see also Zadvydas v. Davis*, 533 U.S. 678 (2001). He

also complained that, during the pendency of his removal proceedings, he was transferred to "the custody of a local agency" in connection with a state criminal case against him, which allegedly interfered with his ability to litigate in his removal proceedings. Pet. at 6.

The Court determined that Petitioner's case was moot because, during the pendency of the litigation, the immigration judge (IJ) ordered his removal, and the Board of Immigration Appeals (BIA) dismissed his appeal of that decision, shifting the authority for his detention to 8 U.S.C. § 1231. *See* Findings Conclusions and Recommendation (FCR) at 7-8 (ECF No. 14); *see also* Ord. Accepting FCR (ECF No. 17); Judgment (ECF No. 18).

Shortly after the Court dismissed his case, Petitioner filed a motion for reconsideration (ECF No. 20), arguing that he was still confined under § 1226 because the BIA had reinstated his appeal of the IJ's removal order, so there was no final order of removal. The Government filed a response. Gov. Opp. (ECF No. 22).

Around the same time, Petitioner also moved to seal this case or to proceed under a pseudonym, arguing that the Government breached his confidentiality rights under immigration statutes and regulations by filing into the record an unredacted and unsealed copy of the IJ's removal order, which included details of Petitioner's "credible fears and [his] claim as a battered spouse that should not have been disclosed." Mot. to Seal at 1 (citing 8 C.F.R. § 208.6; 8 U.S.C. § 1367(a)(2)).

2

Later, Petitioner filed an "emergency" motion for expedited consideration of his motion for reconsideration. Mot. for Expedited Consideration (ECF No. 26). Attached to the motion for expedited consideration is a copy of the BIA's March 18, 2025, order finding that Petitioner had established a prima facie case for classification under "the self-petitioning rules of the Violence Against Women Act (VAWA)" and terminating his removal proceedings. *See* Mot. For Expedited Consideration at 5-6.

On April 7, 2025, the Government filed a "Notice of Mootness Due to Petitioner's Release From Custody," arguing that Petitioner's case is moot because ICE released Petitioner from its custody on March 27, 2025. Notice of Mootness (ECF No. 27). Petitioner filed an opposition to the notice of mootness the next day. Opp. to Notice of Mootness (ECF No. 29).

## Legal Standards and Analysis

1. <u>Petitioner's case is moot, and the Court should deny his motions for reconsideration (ECF No. 20) and for expedited consideration (ECF No. 25).</u>

Petitioner challenges this Court's conclusion that his petition was mooted by the entry of a final removal order against him, shifting the authority of his detention from 8 U.S.C. § 1226 to 8 U.S.C. § 1231. But since the Court dismissed his case, Petitioner has been released from ICE custody, which moots his case for a different reason, independent from the shift of the authority for his confinement. Thus, as explained below, his motion for reconsideration should be denied as moot.

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). When a petitioner does not attack the validity of his conviction, but merely contests the imposition and duration of his confinement, the case becomes moot when he is no longer confined. *Lane v. Williams*, 455 U.S. 624, 631 (1982). "If a dispute has been resolved or if it has evanesced because of changes circumstances, including the passage of time, it is considered moot." *American Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988).

Here, the only relief that Petitioner sought in his petition was a release on bond during the pendency of his removal proceedings or a bond hearing where "the burden is placed on the government beyond clear and convincing evidence." Pet. at 7. The Court can no longer award him this relief because he has already been released. He has received all the relief that he could be entitled to if successful on his habeas petition, so this case is moot and should remain closed. *See, e.g.*, *Singh v. Mukasey*, 2009 WL 1097255, at *1 (N.D. Tex. Apr. 22, 2009); *Caquaias v. Dist. Dir. of Ice*, 2008 WL 5378173, at *1 (N.D. Tex. Dec. 23, 2008).

Petitioner's arguments against mootness are unpersuasive. Petitioner argues that his release from confinement amounts to a voluntary cessation of the challenged practice and does not moot the case. "The voluntary cessation exception

4

'traces to the principle that a party should not be able to evade judicial review, or to defeat judgment, by temporarily altering questionable behavior.'" *Am. Civil Liberties Union of Massachusetts v. U.S. Conf. of Cath. Bishops*, 705 F.3d 44, 54 (1st Cir. 2013) (quoting *City News & Novelty, Inc. v. City of Waukesha*, 531 U.S. 278, 284 n.1 (2001)). "This is to avoid a manipulative litigant immunizing itself from suit indefinitely, altering its behavior long enough to secure a dismissal and then reinstating it immediately after." *Id.* (citing *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013); *see also Qassim v. Bush*, 466 F.3d 1073, 1075 (D.C. Cir. 2006) ("The rationale supporting the defendant's voluntary cessation as an exception to mootness is that, while the defendant's unilateral cessation of the challenged conduct may grant the plaintiff relief, the defendant is 'free to return to [its] old ways'—thereby subjecting the plaintiff to the same harm but, at the same time, avoiding judicial review.") (citing *United States v. W.T. Grant Co.*, 345 U.S. 629, 632 (1953); *City of Mesquite v. Aladdin's Castle*, 455 U.S. 283, 289 (1982)).

In line with those concerns, "'[i]t is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of that practice'" unless it is "'absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" *Buckhannon Bd. and Care Home, Inc., v. W. Virginia Dep't of Health and Hum. Res.*, 532 U.S. 598, 609 (2001) (citing *Friends of Earth, Inc. v. Laidlow Env't Services (TOC), Inc.*, 528 U.S. 167, 189 (2000)).

5

The voluntary cessation exception has no application here. For the voluntary cessation exception to apply, "[a] petitioner must show not only that the opposing party voluntarily ceased performing the allegedly unlawful action, but that the petitioner *himself* is likely to be subjected to the same allegedly unlawful action in the future." *Mohamed v. Sessions*, 2017 WL 4417706, at *6 (D. Minn. Sept. 14, 2017), *rec. accepted* 2017 WL 4410765 (D. Minn. Oct. 3, 2017) (citing *Qassim*, 466 F.3d at 1075-76) (emphasis in original) (finding that alien detainee's habeas petition was moot, and the voluntary cessation doctrine did not apply, when he was released from ICE custody and there was "no reason to believe that Mohamed himself will subjected to the same detention again in the future").

Petitioner does not make that showing. He merely speculates, without elaboration or evidence, that he may be re-detained in the future "given ICE's history of failing to comply with regulatory safeguards and the repeated transfers between jurisdictions." Opp. to Mootness at 3. Such speculation cannot invoke the voluntary-cessation exception. *See*, *e.g.*, *Lallave v. Martinez*, 609 F. Supp. 3d 164, 177 (E.D.N.Y. 2022) (noting, in discussing the voluntary cessation doctrine in the habeas context, that "the possibility of re-detention cannot be speculative") (citing *Celestin v. Decker*, 2019 WL 7946027, at *2 (S.D.N.Y. July 22, 2019) ("If Celestin is re-detained, he may bring a new habeas petition against the Government, as appropriate."); *Pierre-Paul v. Sessions*, 293 F. Supp. 3d 489, 493 (S.D.N.Y. 2018) ("The mere possibility that Petitioner may be re-detained because she is under a

6

removal order is insufficient to warrant this Court's retention of jurisdiction over the case.").

Similarly, Petitioner claims that the case is not moot because it is capable of repetition yet evading review. Opp. to Mootness at 3. "[A] dispute that would otherwise be moot is saved if it is 'capable of repetition, yet evad[es] review.'" *Shemwell v. City of McKinney*, 63 F.4th 480, 484 (5th Cir. 2023) (citing *S. Pac. Terminal Co. v. Interstate Com. Comm'n*, 219 U.S. 498, 515 (1911)). The exception applies when (1) "the challenged action is in its duration too short to be fully litigated prior to cessation or expiration" and (2) "there is a reasonable expectation that the same complaining party will be subject to the same action again." *Kingdomware Techs., Inc., v. United States*, 579 U.S. 162, 170 (2016) (quotation omitted). The petitioner must prove both to overcome mootness. *Libertarian Party v. Dardenne*, 595 F.3d 215, 217 (5th Cir. 2010). If a court finds that a petitioner failed to meet his burden under either prong, it need not address the other. *Shemwell*, 63 F.4th at 484-85 (citation omitted).

Here, as explained above, Petitioner has not shown a reasonable expectation that he will be subject to ICE detention again, so he fails to establish that the capable-of-repetition exception applies.

Finally, Petitioner claims that collateral consequences from his detention preclude a finding of mootness. A case or controversy may continue to exist where "the petitioner is no longer detained but the claimed violation's adverse consequences continue." *Nieto-Ramirez v. Holder*, 583 F. App'x 330, 332 (5th Cir.

7

2014) (citations omitted). Here, the alleged collateral consequences that Petitioner raises are "the ongoing threat of re-detention under similar circumstances" and alleged due process violations in his now-terminated removal proceedings. *See* Opp. to Mootness at 2-3. Again, Petitioner's speculation—without any record support—that ICE might detain him in the future cannot stave off mootness. *See, e.g., United States v. L.C.D.,* 399 F. App'x 129, 131-32 (8th Cir. 2010) ("Purely speculative collateral consequences cannot overcome a finding of mootness.") (citing *Spencer v. Kemna,* 91 F.3d 111, 1117 (8th Cir. 1996)). And as for the alleged due process violations in Petitioner's now-terminated removal proceedings—which appear to consist of transfers between ICE and state custody in connection with Petitioner's state criminal proceedings (*See* Pet. at 11), allegedly precluding Petitioner's ability to contest his removal—Petitioner does not explain how these violations would be collateral consequences. They are completed acts that carry no future ramifications that the Court can discern. The two cases that Petitioner cites in support of his collateral consequences argument—*Spencer v. Kemna,* 523 U.S. 1 (1998) and *Diaz v. Johnson,* 515 F.3d 149 (5th Cir. 2008)—are not on point.[1] Neither case holds that completed due process violations in terminated removal proceedings can be a collateral consequence. Petitioner has failed to identify any collateral consequence to preclude a finding of mootness. *See, e.g., Nieto-Ramirez,* 583 F. App'x at 332 (rejected a deported alien's argument that collateral

---

[1] The case reported at 515 F.3d 149 (5th Cir. 2008) is *Diaz v. Kelly*, which addresses equitable tolling of AEDPA's one-year limitations period; *Diaz v. Johnson* does not exist as cited by Petitioner.

consequences from pre-removal detention kept her challenges to that detention alive, noting that "a pretrial detention carries none of the continuing disabilities of a criminal conviction or deportation").

And because there are no justiciable issues here given Petitioner's release from confinement, the question presented in Petitioner's motion for reconsideration challenging the Court's prior analysis in dismissing his case has been mooted. This is so because, regardless of whether the Court erred in previously finding his case moot, it is unquestionably moot now, so any award of relief on the motion for reconsideration would be advisory. The motion for reconsideration—as well as the separate motion seeking expedited consideration of it—are moot and should be denied accordingly. *See, e.g.*, *Florida Bd. of Bus. Regulation v. N.L.R.B.*, 605 F.2d 916, 918 (5th Cir. 1979) ("No justiciable case or controversy is presented when the question to be decided has been mooted by subsequent developments.") (citing *Flast v. Cohen*, 392 U.S. 83, 95 (1968)).

2. <u>Petitioner's motion to seal (ECF No. 25) should be granted in part</u>.

As for Petitioner's motion to seal the case, or, alternatively, to proceed under a pseudonym, the fact that the underlying case is moot does not preclude the Court from sealing documents on its docket sheet. *See Abdullah v. Trump*, 2025 WL 689175, at *3 (D.D.C. Mar. 4, 2025); *see also In re Policy Mgmt. Sys. Corp.*, 1995 WL 541623, at *2 n.3 (4th Cir. Sep. 13, 1995) (noting that settlement did not moot appeal of sealing order because "the right of access to judicial records and documents is independent of the disposition of the merits of the case").

9

Here, Petitioner wants the Court to seal this case, or at least the IJ's since-overturned April 30, 2024 decision finding that Petitioner was not entitled to cancellation of removal, withholding of removal under § 241(b)(3)A) of the Immigration and Nationality Act, or relief under the Convention Against Torture. *See* Appendix Vol. 2 at 130-163 (ECF No. 11). Petitioner argues that the opinion should be sealed because it "includes details of my credible fears and my claim as a battered spouse that should not have been disclosed." Mot. to Seal at 1-2. Petitioner cites 8 C.F.R. 208.6 and 8 U.S.C. § 1367(a)(2) in support.

Regulation 8 C.F.R. § 208.6, provides that "information contained in or pertaining to any application for refugee admission, asylum, withholding of removal under section 241(b)(3) of the Act, or protection under regulations issued pursuant to the Convention Against Torture's implementing legislation, records pertaining to any credible fear determination conducted pursuant to § 208.30, and records pertaining to any reasonable fear determination conducted pursuant to § 208.31, shall not be disclosed without the written consent of the applicant, except as permitted by this section or at the discretion of the Secretary."

As for 8 U.S.C. § 1367, this generally prohibits the Government from disclosing "any information which relates to an alien who is a beneficiary of an application for relief," through the Violence Against Women Act of 1994.

Under these specific facts, the Court should grant Petitioner's motion to seal in part. It should not seal the whole case, but, given the concerns about disclosure of the type of sensitive information in the April 30, 2024 IJ decision set out in 8

C.F.R. § 208.6 and 8 U.S.C. § 1367, the Court should order the Clerk of the Court to seal the April 30, 2024 IJ decision. Petitioner's alternative request to proceed under a pseudonym should be denied.

## Recommendation

The Court should **DENY** Petitioner's motion for reconsideration (ECF No. 20) and his "emergency" motion to expedite a ruling on the motion for reconsideration (ECF No. 26). The Court should **GRANT IN PART** Petitioner's motion to seal, or, in the alternative proceed under a pseudonym (ECF No. 25), and instruct the Clerk of Court to seal the IJ's April 30, 2024 opinion located at ECF No. 11 pages 130-163.

SO RECOMMENDED.

May 22, 2025.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).